### No. 12,850.

### A. M. STEWART VS. THE CATTLE COMPANY ET AL.

An appeal lodged in the Supreme Court should be dismissed when it has been made to appear that the appeal bond furnished by appellant was set aside in the lower court for want of sufficient security, but with the right reserved to file a new bond within a fixed delay, and such reserved right was never exercised.

APPEAL from the Fifth Judicial District Court for the Parish of Ouachita. *Potts, J.*

---

*Stubbs & Russell* for Plaintiff, Appellant.

*Hudson, Potts & Burnstein* for Defendants, Appellees.

Submitted on the face of the papers May 31, 1898.
Opinion handed down June 13, 1898.

The opinion of the court was delivered by

NICHOLLS, C. J. This suit was instituted by the plaintiff, asking for the settlement of the business of a partnership alleged to exist between himself, R. B. Blanks, and John P. Parker, under the name of the Cattle Company. He prayed that an accounting be had under the direction of the court, and that he have judgment against his partners for the sum ascertained to be due him on such settlement.

The District Court, as a result of the accounting, rendered judgment in favor of each of the defendant partners (John P. Parker and R. B. Blanks) against plaintiff for the sum of ninety-seven dollars and forty-eight cents, with legal interest from the date of the judgment.

On plaintiff's petition he was granted a devolutive appeal, on furnishing bond, with proper security, in the sum of two hundred and fifty dollars.

Plaintiff furnished a bond for the amount named, with securities, on the 25th of April, 1898.

On the 11th of May, 1898, on motion of the defendants, Parker and Blanks, the court ruled the plaintiff to show cause why the bond furnished should not be rejected and set aside for want of sufficient security, movers alleging that the sureties upon the bond were insolvent. Plaintiff answered the rule, averring the solvency and sufficiency of the sureties.

The court rendered judgment upon the rule, setting aside the appeal bond on account of the insolvency of the sureties, but granting plaintiff until the 25th of May, 1898, to give a solvent security on said bond, or an additional good and sufficient appeal bond.

The transcript of appeal having been lodged in the Supreme Court, the appellees, annexing to their motion the proceedings and judgment of the District Court in the matter of the rule to set aside the appeal bond furnished by the appellant, moved to dismiss the appeal on the grounds:

1. That appellant's bond for appeal had been set aside, because of the insolvency of the sureties thereon, by the lower court.

2. That appellants had failed and refused to execute a new appea bond, or furnish another and solvent surety upon said appeal bond, although accorded an opportunity to do so.

3. Because there is now no appeal bond in this cause.

For the reasons assigned in the motion to dismiss, which are sustained by the evidence, the appeal taken in this case is hereby dismissed.